This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 29,569**

**MELVIN LEE RIGGS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals his convictions for larceny, criminal damage to property, and conspiracy to commit criminal damage to property, claiming that counsel was ineffective for failing to find and call a witness that Defendant claimed corroborated his defense. In our notice, we proposed to affirm. Defendant has timely responded. We have considered his arguments and, finding them unpersuasive, we affirm.

In our notice, we proposed to conclude that Defendant had failed to make a prima facie showing of ineffective assistance of counsel. We pointed out that a habeas corpus proceeding was the better route for developing his claim. In his memorandum in opposition, Defendant urges that we assign the case to the general calendar so as to have access to transcripts that might offer the "possibility" that the full record would yield a prima facie case. [MIO 3] This Court does not assign cases to the general calendar on possibility that the record might show something different from the recollections of counsel. *See State v. Sheldon*, 110 N.M. 28, 29, 791 P.2d 479, 480 (Ct. App. 1990) ("It has long been recognized by this [C]ourt that the appellate rules do not allow appellate counsel to pick through the record for possible error.").

The record establishes that Defendant's defense was that Ms. Brown had hired him to remove the copper tubing that he was alleged to have stolen. The record also establishes that Defendant told his counsel that there was another person who had been told by Ms. Brown that she had authority to sell copper tubing from the lot. The

record also establishes that counsel did not track down the witness or call him to testify at trial.

We do not believe that this establishes a prima facie case of ineffective assistance of counsel. As we stated in our calendar notice, calling witnesses is a matter of trial tactics and strategy. *State v. Orosco*, 113 N.M. 789, 797, 833 P.2d 1155, 1163 (Ct. App. 1991), *aff'd*, 113 N.M. 780, 788, 833 P.2d 1146, 1154 (1992). We recognize that there may be situations where the failure to call a witness necessary to the defense establishes a prima facie case of ineffective assistance of counsel. *See State v. Aragon*, 2009-NMCA-102, ¶¶ 9, 18-19, 147 N.M. 26, 216 P.3d 276 (concluding that the defendant had made a prima facie case where counsel had failed to locate an expert to support the defense).

We do not believe that this is such a case. It appears that Defendant's claim regarding being hired by Ms. Brown to remove the copper tubing was presented to the jury. [DS 2] Ms. Brown testified, and defense counsel had the opportunity to cross-examine her. Another witness testifying about a previous instance of Ms. Brown hiring someone to remove copper tubing would have been corroborative evidence. We are not convinced by Defendant's characterization of this witness as exculpatory. The witness was nothing more than corroborative of Defendant's claim that he thought he had been hired to remove the copper tubing. Counsel's decision not to call

a witness to corroborate the defense is tactical. Thus, we cannot say that it was incompetent.

Further, we do not see how Defendant was prejudiced by the failure to call the witness. Defendant has not shown that the result of the trial would have been different. Rather, there is a very real probability that the result would have been the same, as the jury could have disbelieved the witness as well as Defendant regarding Ms. Brown's role in the crime.

Without a showing of incompetent counsel and prejudice to the defense, Defendant has failed to make a prima facie showing of ineffective assistance of counsel. As we stated in our notice, we believe that a habeas corpus proceeding is the better route to take on this claim. The claimed error here appears to implicate tactical decisions made by counsel that are best evaluated during habeas corpus proceedings, where trial counsel can provide testimony. *State v. Bernal*, 2006-NMSC-050, ¶ 35, 140 N.M. 644, 146 P.3d 289.

Therefore, for the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.

_____
**JAMES J. WECHSLER, Judge**

4

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**